UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| MARK DANIEL ALLEN, | Case Nos. 4:23-cv-1; 4:19-cr-29 |
| *Petitioner*, | |
| v. | Judge Travis R. McDonough |
| UNITED STATES OF AMERICA, | Magistrate Judge Christopher H. Steger |
| *Respondent*. | |

## MEMORANDUM OPINION

Before the Court is Petitioner Mark Daniel Allen's motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1 in Case No. 4:23-cv-1; Doc. 101 in Case No. 4:19-cr-29.) For the following reasons, the Court will **DENY IN PART** Petitioner's motion and will set an evidentiary hearing to resolve his argument that he received ineffective assistance of counsel because his lawyer did not file a notice of appeal.

I. **BACKGROUND**

On November 26, 2019, a grand jury returned an indictment charging Petitioner with: (1) six counts of unlawfully distributing and dispensing controlled substances outside the scope of professional medical practice and not for a legitimate medical purpose, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2, and (2) one count of maintaining a place for the purpose of illegally distributing Schedule II controlled substances, in violation of 21 U.S.C. § 856(a)(1). (Doc. 3 in Case No. 4:19-cr-29). After a three-day trial, a jury found Petitioner guilty on all seven counts. (Doc. 65 in Case No. 4:19-cr-29.) On January 21, 2022, the Court

sentenced Petitioner to 168 months' imprisonment, to be followed by three years of supervised release. (*See* Docs. 87, 89 in Case No. 4:19-cr-29.)

Petitioner did not directly appeal his conviction or sentence, but, on January 23, 2023, he filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1 in Case No. 4:23-cv-1; Doc. 101 in Case No. 4:19-cr-29.) In his motion, Petitioner asserts that the Court should vacate his conviction and sentence because, under *Ruan v. United States*, 597 U.S. 450 (2022), the Government failed to prove he possessed the mental state necessary for a jury to convict him of unlawfully dispensing and distributing controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2. Petitioner also asserts that he received ineffective assistance of counsel because his counsel: (1) did not file a direct appeal on his behalf, despite his request to do so; (2) failed to adequately cross-examine witnesses at trial; (3) failed to conduct pretrial discovery and investigation; (4) failed to call fact and expert witnesses on his behalf at trial; (5) failed to present certain evidence, including medical records and a Tennessee Board of Nursing investigation; and (6) failed to object to the jury instructions regarding the mens rea requirement. Finally, Petitioner contends that the Court should vacate his conviction and sentence because his constitutional rights were violated based on his belief that his "private communications were being monitored by 'eavesdropping' devices, on [his] devices and [his] spouse." (Doc. 1, at 33 in Case No. 4:23-cv-1.) Petitioner's § 2255 motion is now ripe for the Court's review.

## II. STANDARD OF LAW

To obtain relief under Title 28, United States Code, Section 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire

proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). The petitioner "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III. ANALYSIS

### A. Ineffective Assistance of Counsel

To collaterally attack a conviction based on ineffective assistance of counsel, Petitioner must establish "that [his] lawyers performed well below the norm of competence in the profession and that this failing prejudiced [his] case." *Caudill v. Conover*, 881 F.3d 454, 460 (6th Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The performance inquiry requires the defendant to "show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The prejudice inquiry requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *See Rodriguez-Penton v. United States*, 905 F.3d 481, 489 (6th Cir. 2018) (quoting *Strickland*, 466 U.S. at 694). However, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Therefore, courts should resist "the temptation to rely on hindsight . . . in the context of ineffective assistance claims." *Carson v. United States*, 3 F. App'x 321, 324 (6th Cir. 2001); *see also Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the

distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.").[1]

The Court will hold an evidentiary hearing on Petitioner's claim that his counsel failed to file a notice of appeal despite his instructions to do so. "An attorney performs deficiently if, after consulting with his client, he 'disregards specific instructions from his client 'to file a notice of appeal'—'a purely ministerial task.'" *Pola v. United States*, 778 F.3d 525, 532–33 (6th Cir. 2015) (quoting *Roe v. Flores-Ortega,* 528 U.S. 470, 477 (2000)). In this case, Petitioner avers, under the penalty of perjury, that his attorney did not file a notice of appeal despite his instructions. Accordingly, the Court will conduct an evidentiary hearing regarding whether Petitioner received ineffective assistance of counsel based on counsel's alleged failure to file an appeal. *See id*. at 532–35 (holding that the district court abused its discretion by failing to conduct an evidentiary hearing when petitioner averred that his attorney did not file a notice of appeal upon his request).

The record conclusively demonstrates, however, that the remainder of Petitioner's ineffective-assistance-of-counsel claims are not meritorious. In his § 2255 petition, Petitioner

---

[1] Additionally, in ruling on a motion made pursuant to Title 28, United States Code, Section 2255, the Court must determine whether an evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b). "The burden for establishing entitlement to an evidentiary hearing is relatively light, and where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Martin*, 899 F.3d at 832 (internal quotations and alterations omitted). While a petitioner's "mere assertion of innocence" does not entitle him to an evidentiary hearing, the district court cannot forego an evidentiary hearing unless "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id*. (internal quotations and alterations omitted) When petitioner's factual narrative of the events is not contradicted by the record and not inherently incredible and the government offers nothing more than contrary representations, the petitioner is entitled to an evidentiary hearing. *Id*. (citation omitted).

alleges that his attorney performed deficiently by failing to call additional witnesses, failing to cross-examine certain witnesses more thoroughly, failing to introduce additional evidence, and failing to object to the drug weight attributed at sentencing. (Doc. 1, at 27–31 in Case No. 4:23-cv-1.)

Petitioner's conclusory allegations regarding these deficiencies fail to undermine the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Strickland*, 466 U.S. at 689, or that his counsel's strategic decisions at trial fell below an objective standard of reasonableness. *See Knowles v. Mirzayance*, 556 U.S. 111, 124 (2009) ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.") (citation omitted). Moreover, beyond a mere conclusory assertion, Petitioner's § 2255 motion wholly fails explain how any of the alleged deficiencies show a reasonable probability that, but for counsel's unprofessional errors, the result of his trial or sentencing would have been different. *See Strickland*, 466 U.S. at 694. Accordingly, the Court will deny Petitioner's § 2255 motion to the extent he otherwise claims that he received ineffective assistance of counsel.

### B. *Ruan v. United States*

Because the Court finds that an evidentiary hearing is necessary to determine whether Petitioner received ineffective assistance of counsel based on counsel's alleged failure to file a notice of appeal despite instructions to do so, the Court will reserve ruling on Petitioner's claim that his convictions should be vacated based on the Supreme Court's ruling in *Ruan v. United States*.[2] If, after an evidentiary hearing, Petitioner demonstrates that he received ineffective

---

[2] In *Ruan v. United States*, which was decided approximately six months after the Court entered its judgment in this case, the Supreme Court clarified the mens rea requirement necessary to prove unlawful distribution of controlled substances under 21 U.S.C. § 841, and to prove

5
Case 4:23-cv-00001-TRM-CHS    Document 20    Filed 01/24/25    Page 5 of 8    PageID #: 191

assistance of counsel based on counsel's failure to file a notice of appeal, the remedy is to allow Petitioner to file an untimely direct appeal, at which time, he can advance any arguments he has regarding the effect of *Ruan*. *See Pola*, 778 F.3d at 531 (explaining that if a petitioner "proves that his attorney's ineffective assistance resulted in a forfeiture of his right to appeal, then the district court must grant his § 2255 motion, and [the petitioner] will be entitled to a direct appeal of his conviction and sentence"). If, however, after an evidentiary hearing, the Court determines that Petitioner did not instruct his counsel to file a notice of appeal after the Court entered its judgment, and, thus, that Petitioner did not receive ineffective assistance of counsel, then Petitioner's *Ruan*-related claims are likely procedurally defaulted and the Court's jury instructions regarding the mens rea requirement are likely subject to plain-error review. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Hofstetter*, 80 F.4th 725, 730 (6th Cir. 2023). As a result, the Court will reserve ruling on Petitioner's claim that his conviction should be vacated based on the Supreme Court's decision in *Ruan*.

### C. Alleged Use of Eavesdropping Devices

In his § 2255 motion, Petitioner also claims that his constitutional rights were violated by "the placement of electronic surveillance programs . . . a/k/a Spy-Ware, on [his] phone, computer

---

maintenance of a place for the purpose of unlawfully distributing controlled substances under 21 U.S.C. § 856(a)(1). Title 21 U.S.C. § 841 makes it unlawful, "*[e]xcept as authorized*[,] . . . for any person knowingly or intentionally . . . to manufacture, distribute, or dispense . . . a controlled substance." (emphasis added). Doctors, however, may prescribe controlled substances, "as provided by regulation, a prescription is only authorized when a doctor issues it 'for a legitimate medical purpose . . . acting in the usual course of his professional practice.'" *Ruan*, 597 U.S. at 454 (quoting 21 C.F.R. § 1306.04(a)). Based on these laws, the Supreme Court has held that, for the Government to convict doctors of violating the controlled-substances act, it "must prove beyond a reasonable doubt that the defendant knew that he or she was acting in an unauthorized manner, or intended to do so." *Id*. Stated another way, "[t]his means that once a defendant meets the burden of producing evidence that his or her conduct was 'authorized,' the Government must prove beyond a reasonable doubt that the defendant knowingly or intentionally acted in an unauthorized manner." *Id*. at 457.

and possible other eavesdropping devices or equipment within [his] home or business." More specifically, Petitioner represents that:

> I had reason to believe that my private communications were being monitored by 'eavesdropping' devices, on my devices and my spouse; and conveyed those reasons to my attorney however I had no proof of such. Then the Venice Police Department (VPD) was investigating a theft of $7,000.00 from my wife's bank account and examined her phone and found (2) Spy-Ware programs. A VPD computer specialist traced the internet provider (IP) address to the Tennessee Bureau of Investigation.

(Doc. 1, at 33 in Case No. 4:23-cv-1.) Petitioner's allegation, however, does not establish that any evidence introduced at trial was obtained from an unconstitutional search that violated his Fourth Amendment rights. As a result, Petitioner has not demonstrated a "fundamental defect" rising to the level of a constitutional violation necessary for relief under § 2255.

IV. **CONCLUSION**

For the reasons stated herein, the Court will conduct an evidentiary hearing on whether Petitioner received ineffective assistance of counsel based on counsel's alleged failure to file a notice of appeal. The Court **RESERVES RULING** on Petitioner's motion to the extent he seeks relief based on the Supreme Court's decision in *Ruan*. Petitioner's § 2255 motion is **DENIED** to the extent he otherwise contends that the Court should vacate, set aside, or correct his sentence. The evidentiary hearing is hereby **SET** for **March 13, 2025,** at **10:00 a.m.** The Court hereby **APPOINTS** Brian O'Shaughnessy to represent Petitioner at the hearing. The Court hereby **ORDERS** that the United States Marshal, or his authorized deputy, transport Petitioner from his place of incarceration to Chattanooga, Tennessee, allowing sufficient time for Petitioner to be available to meet with his attorney before the hearing.

**SO ORDERED**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH
UNITED STATES DISTRICT JUDGE**