UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| MARK DANIEL ALLEN, ) | |
| ) | Case Nos. 4:23-cv-1; 4:19-cr-29 |
| *Petitioner*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent*. ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner Mark Daniel Allen's motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1 in Case No. 4:23-cv-1; Doc. 101 in Case No. 4:19-cr-29.) On January 24, 2025, the Court issued a memorandum opinion denying in part Petitioner's motion, reserving ruling on some of the arguments set forth in his petition, and setting an evidentiary hearing to resolve his argument that he received ineffective assistance of counsel because his lawyer did not file a notice of appeal. (Doc. 20 in Case No. 4:23-cv-1.) On March 13, 2025, the Court held an evidentiary hearing, and, for the reasons that follow, the Court will **DENY** Petitioner's § 2255 motion as it relates to all of his remaining arguments.

**I. BACKGROUND**

On November 26, 2019, a grand jury returned an indictment charging Petitioner with: (1) six counts of unlawfully distributing and dispensing controlled substances outside the scope of professional medical practice and not for a legitimate medical purpose, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2, and (2) one count of maintaining a place for the purpose of illegally distributing Schedule II controlled substances, in violation of 21 U.S.C. §

856(a)(1). (Doc. 3 in Case No. 4:19-cr-29). After a three-day trial, a jury found Petitioner guilty on all seven counts. (Doc. 65 in Case No. 4:19-cr-29.) On January 21, 2022, the Court sentenced Petitioner to 168 months' imprisonment, to be followed by three years of supervised release. (*See* Docs. 87, 89 in Case No. 4:19-cr-29.)

Petitioner did not directly appeal his conviction or sentence, but, on January 23, 2023, he filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1 in Case No. 4:23-cv-1; Doc. 101 in Case No. 4:19-cr-29.) In his motion, Petitioner asserted, among other things, that he received ineffective assistance of counsel because his counsel did not file a direct appeal on his behalf, despite his request to do so. Petitioner also argued that that the Court should vacate his conviction and sentence because, under *Ruan v. United States*, 597 U.S. 450 (2022), which the Supreme Court decided approximately six months after the Court entered his judgment, the Government failed to prove he possessed the mental state necessary for a jury to convict him of unlawfully dispensing and distributing controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2.

On January 24, 2025, the Court issued a memorandum opinion: (1) setting an evidentiary hearing on whether Petitioner received ineffective assistance of counsel based on counsel's alleged failure to file a notice of appeal; (2) reserving ruling on Petitioner's motion to the extent he seeks relief based on the Supreme Court's decision in *Ruan*; and (3) denying Petitioner's motion to the extent he otherwise contends that the Court should vacate, set aside, or correct his conviction and sentence. (*See generally* Doc. 20 in Case No. 4:23-cv-1.)

On March 13, 2025, the Court conducted an evidentiary hearing in connection with Petitioner's § 2255. At the hearing, the Court heard testimony from Petitioner and his trial counsel, Robert Carter. During the hearing, Petitioner testified, among other things, that his trial

counsel did not discuss preserving issues for appeal with him and did not speak to him about his appellate rights after his sentencing. Additionally, despite representing that he expressly instructed his attorney to file a notice of appeal in his § 2255 motion, Petitioner testified during the hearing that he could not remember if he actually asked trial counsel to file a notice of appeal on his behalf. Rather, he could only recall asking his attorney about whether evidence of wiretapping his phone could provide a basis for appealing his conviction. Petitioner also acknowledged that the Court explained his appellate rights and the timing for filing a notice of appeal to him during his sentencing hearing. During the hearing, Petitioner's trial counsel testified that: (1) he was not aware of any appealable issues that arose during trial or sentencing; (2) he explained Petitioner's appeal rights to him before sentencing and prior to the last day of trial; and (3) Petitioner never asked him to file a notice of appeal on his behalf. With Petitioner's evidentiary hearing concluded, the remaining issues set forth in his § 2255 are ripe for the Court's review.

## II. STANDARD OF LAW

To obtain relief under Title 28, United States Code, Section 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). The petitioner "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### III. ANALYSIS

#### A. Ineffective Assistance of Counsel

To collaterally attack a conviction based on ineffective assistance of counsel, Petitioner must establish "that [his] lawyers performed well below the norm of competence in the profession and that this failing prejudiced [his] case." *Caudill v. Conover*, 881 F.3d 454, 460 (6th Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The performance inquiry requires the defendant to "show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The prejudice inquiry requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *See Rodriguez-Penton v. United States*, 905 F.3d 481, 489 (6th Cir. 2018) (quoting *Strickland*, 466 U.S. at 694). However, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Therefore, courts should resist "the temptation to rely on hindsight . . . in the context of ineffective assistance claims." *Carson v. United States*, 3 F. App'x 321, 324 (6th Cir. 2001); *see also Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.").

The Sixth Circuit has explained that "[a]n attorney performs deficiently if, after consulting with his client, he 'disregards specific instructions from his client 'to file a notice of appeal'—'a purely ministerial task.'" *Pola v. United States*, 778 F.3d 525, 532–33 (6th Cir. 2015) (quoting *Roe v. Flores-Ortega,* 528 U.S. 470, 477 (2000)). If the Court determines that

"the attorney failed to file a notice of appeal either after the client's express instructions or because there is no reasonable strategic reason not to appeal, then the defendant was prejudiced because he has been deprived of the appellate proceeding altogether if there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id*. (quoting *Roe*, 528 U.S. at 483–84).

In this case, Petitioner has not demonstrated that his trial counsel's representation fell below an objective standard of reasonableness as it relates to filing a notice of appeal on his behalf. First, despite representing to the Court in his § 2255 motion that he instructed trial counsel to file a notice of appeal, while under oath during the evidentiary hearing, he refused to testify that he instructed his trial counsel to file a notice of appeal; rather, he testified several times that he "could not remember" whether he instructed his attorney to file a notice of appeal. Moreover, viewed in totality, Petitioner's testimony was not credible as it relates to conversations he had or did not have with his attorney regarding his appellate rights. Conversely, Carter credibly testified that he discussed Petitioner's appellate rights with him and that Petitioner never instructed him to file a notice of appeal on his behalf. Under these circumstances, Petitioner has failed to demonstrate that his counsel's representation fell below an objective standard of reasonableness such that he received ineffective assistance of counsel. Accordingly, the Court will deny Petitioner's § 2255 motion to the extent he claims that he received ineffective assistance of counsel based on trial counsel's failure to file a notice of appeal on his behalf.

### B. *Ruan v. United States*

The Court will also deny Petitioner's § 2255 motion to the extent he claims that the Court should vacate his sentence based on the Supreme Court's decision in *Ruan*. Because the Court

5

Case 4:23-cv-00001-TRM-CHS    Document 23    Filed 03/19/25    Page 5 of 10    PageID #: 250

finds that Petitioner did not instruct his trial counsel to file a notice of appeal on his behalf and that Petitioner has not demonstrated that trial counsel rendered ineffective assistance with regard to his appeal rights, Petitioner's *Ruan*-related claims have been procedurally defaulted. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *see also Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (explaining that "Section 2255 is not a substitute for a direct appeal"). As a result, "claims not raised on direct appeal" and procedurally defaulted "may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro*, 538 U.S. at 504. Stated another way, to pursue a defaulted claim in habeas, the defendant must show (1) good cause for the failure to raise it on direct appeal and prejudice if unable to proceed, or (2) actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). In this case, even assuming good cause for Petitioner's failure to raise his arguments on direct appeal, he has not demonstrated prejudice if unable to proceed and cannot do so because his argument fails on the merits. *Id*.

In *Ruan v. United States*, which was decided approximately six months after the Court entered its judgment in this case, the Supreme Court clarified the mens rea requirement necessary to prove unlawful distribution of controlled substances under 21 U.S.C. § 841, and to prove maintenance of a place for the purpose of unlawfully distributing controlled substances under 21 U.S.C. § 856(a)(1). Title 21, United States Code, § 841 makes it unlawful, "*[e]xcept as authorized*[,] . . . for any person knowingly or intentionally . . . to manufacture, distribute, or dispense . . . a controlled substance." (emphasis added). Doctors, however, may prescribe controlled substances, "as provided by regulation, a prescription is only authorized when a doctor issues it 'for a legitimate medical purpose . . . acting in the usual course of his professional practice.'" *Ruan*, 597 U.S. at 454 (quoting 21 C.F.R. § 1306.04(a)). Based on these

laws, the Supreme Court has held that, for the Government to convict doctors of violating the controlled-substances act, it "must prove beyond a reasonable doubt that the defendant knew that he or she was acting in an unauthorized manner, or intended to do so." *Id*. Stated another way, "[t]his means that once a defendant meets the burden of producing evidence that his or her conduct was 'authorized,' the Government must prove beyond a reasonable doubt that the defendant knowingly or intentionally acted in an unauthorized manner." *Id*. at 457.

Nonetheless, although *Ruan* requires the Government to prove a doctor's knowledge or intent, "it may satisfy this burden using circumstantial evidence, particularly when the defendant's actions are very unreasonable." *Oppong v. United States*, No. 24-3246, 2025 WL 655542, at *6 (6th Cir. Feb. 28, 2025) (citing *Ruan*, 597 U.S. at 467)). Indeed, the "'more unreasonable" a defendant's assertions appear when 'measured against' circumstantial evidence of objective medical criteria, 'the more likely the jury . . . will find that the Government has carried its burden of proving knowledge.'" *Oppong*, 24-3246, 2025 WL 655542, at *6 (quoting *Ruan*, 597 U.S. at 467)).

In this case, to the extent Petitioner challenges the sufficiency of the evidence based on *Ruan*, the evidence the Government presented at trial was more than sufficient for a reasonable factfinder to conclude that Petitioner had subjective awareness that his conduct was unauthorized. The trial record is replete with evidence that Petitioner engaged in questionable medical practices with regard to four patients, including that: (1) he wrote prescriptions for opioids in exchange for sex; (2) he wrote prescriptions for opioids without assessing the patient's pain, without obtaining a family history of substance abuse, and without conducting a urine drug screen; (3) he wrote prescriptions for opioids without the patient's history, physical exam, or imaging indicating a need for prescription opioids or pain medication; and (4) upon learning that

one patient intended to testify against him at trial, wrote a prescription for opioids in exchange for the patient writing a letter saying that she "made up things that weren't true." This evidence, among other testimony presented at trial, demonstrates the unreasonableness of Petitioner's alleged belief that his conduct in prescribing pain medication and opioids for these patients was somehow authorized. As a result, there is sufficient evidence that Petitioner's actions were unreasonable enough that a rational jury member could infer that Petitioner knew what he was doing and purposefully disregarded the law, thereby demonstrating a subjective awareness that his actions were unauthorized such that *Ruan's* scienter requirement was satisfied.

Petitioner's *Ruan* arguments also fail to the extent he claims that the Court's jury instructions were improper. Because Petitioner did not directly appeal his conviction and sentence, the Court's jury instructions are subject to plain-error review, meaning that, to prevail, Petitioner must show: "(1) error, (2) that is clear and obvious, and (3) that affects his substantial legal rights." *See United States v. Hofstetter*, 80 F.4th 725, 730 (6th Cir. 2023). Stated another way, Petitioner must demonstrate that "taken as a whole, the jury instructions were so clearly erroneous as likely to produce a grave miscarriage of justice." *Id.*.

In this case, Petitioner has not demonstrated that the jury instructions given in his case were so clearly erroneous as likely to produce a grave miscarriage of justice. As it relates to the instructions the Court gave the jury in connection with Petitioner's charge for maintaining a drug premises under § 856, the Sixth Circuit has held that nearly identical instructions to the ones the Court gave were not plainly erroneous. *See id*. at 729–30. Similarly, the Sixth Circuit's decision in *United States v. Anderson*, 67 F.4th 755 (6th Cir. 2023), forecloses Petitioner's argument that the jury instructions on his § 841 charges were clearly and obviously erroneous. In *Anderson*, the Sixth Circuit held that jury instructions for a § 841 violation comported with *Ruan* and were

not clearly erroneous because they "substantially cover[ed] the concept of knowledge through the description of deliberate ignorance and the juxtaposition of 'knowledge' with 'carelessness, negligence, or foolishness.'" *Id*. at 766. In this case, the jury instruction the Court gave similarly covered the concept of knowledge through a description of deliberate indifference and juxtaposing knowledge with carelessness, negligence, or foolishness. Specifically, the Court first instructed the jury as to the elements under § 841:

> First, the defendant knowingly or intentionally distributed or dispensed oxycodone by writing prescriptions outside the scope of professional medical practice and not for legitimate medical purposes; and, second, that the defendant knew at the time of distribution that the substance was a controlled substance.

(Doc. 129, at 14 in Case No. 4:19-cr-29). The Court also instructed the jury about what the Government must demonstrate to prove a defendant's knowledge:

> Next I want to explain something about proving a defendant's knowledge. No one can avoid responsibility for a crime by deliberately ignoring the obvious. If you are convinced that the defendant deliberately ignored a high probability that one or more of his patients were addicted to narcotics, then you may find that he knew that. But to find this you must be convinced beyond a reasonable doubt that the defendant was aware of a high probability that one or more of his patients were addicted to narcotics and that the defendant deliberately closed his eyes to what was obvious. Carelessness or negligence or foolishness on his part is not the same as knowledge and is not enough to convict. This, of course, is all for you to decide.

*Id*. at 12. Like the jury instructions in *Anderson*, the Court's instructions in this case sufficiently covered the concept of knowledge such that the instructions comported with *Ruan* and were not plainly erroneous. Accordingly, Petitioner has failed to demonstrate that the Court should vacate his conviction and sentence based on the Supreme Court's decision in *Ruan*.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's § 2255 motion (Doc. 1 in Case No. 4:23-cv-1; Doc. 101 in Case No. 4:19-cr-29) is **DENIED**.

**AN APPROPRIATE JUDGMENT WILL ENTER**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH
UNITED STATES DISTRICT JUDGE**